**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK**

RECEIVED SDNY DOCKET UNIT
2026 JAN 29 PM : 27

**EDWARD O'HARA, Plaintiff,**

**v.**

**U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE LXS 2006-12 N TRUST**

**JANUARY 29, 2026**

**<u>MEMORANDUM OF LAW In Support of the Complaint filed by Edward O'Hara against U.S. Bank National Association, as Trustee for the LXS 2006-12 N Trust</u>**

## I. INTRODUCTION

Plaintiff Edward O'Hara brings this action to redress a pattern of deceit by Defendant U.S. Bank National Association ("U.S. Bank") and its counsel, Sherry Xia, Esq. The defendant repeatedly filed sworn declarations that falsely denied the LXS 2006-12 N Trust's inclusion in the Lehman Brothers Chapter 11 bankruptcy stay. Those false statements were made with knowledge of the contrary judicial admission on 12 January 2026 and caused Plaintiff to incur substantial damages, including a void state-court foreclosure judgment, unnecessary payments, and significant attorney's fees.

The legal bases for Plaintiff's claims are set out below, each supported by controlling authority.

## II. BACKGROUND AND PROCEDURAL HISTORY

A. Plaintiff owns 1414 King Street, Greenwich, CT.

B. The mortgage on that property was purportedly securitized into the LXS 2006-12 N Trust, which was expressly named in the RMBS Settlement (July 2017) of the Lehman Brothers Chapter 11 case (**In re Lehman Brothers Holdings Inc., 1:08-bk-13555**, S.D.N.Y.).in ECF Docs 55096, 55232, 55706.in the Lehman Bankruptcy ( 1:08-bk-13555)

C. The bankruptcy filing on 15 September 2008 triggered an automatic stay under 11 U.S.C. § 362, barring any post-petition foreclosure unless relief was obtained from the S.D.N.Y. bankruptcy court. The stay is to continue, per Lehman Bankruptcy document #23023, until the "closure" of the Bankruptcy case. The Lehman Bankruptcy Case, 1:08-bk-13555 is still open.

D. Despite the stay, U.S. Bank pursued and obtained a Connecticut foreclosure judgment in December 2015 without seeking stay relief.

E. In three sworn declarations (Feb 18, 2025; Dec 6, 2024; Jan 16, 2025) Sherry Xia denied the Trust's connection to the Lehman bankruptcy and asserted that the Lehman Bankruptcy was "irrelevant." to the controversy of the litigation.

F On 12 January 2026, U.S. Bank counsel Luke Rappaport (a colleague of Ms. Xia) admitted in a reply brief that the Trust (the LXS 2006-12 N Trust) was part of the ( Lehman Bankruptcy RMBS Settlement) – a direct admission contradicting all prior false statements. Attorney Rappaport's exact words are: ( From Case No. 24-04034, US District Court, SD NY, ECF Doc. 35, filed on 01/12/2026, " Pg 10 of 13", ( last 2 sentences)

Per Luke Rappaport, counsel for US Bank, Jan. 12, 2026:

***"Defendant ( US Bank National Association as Trustee for the LXS 2006-12 N Trust) does not dispute that it was part of the ( Lehman Bankruptcy) RMBS Settlement and never took the position that it was not part of the RMBS Settlement."***

## III. ARGUMENT, LEGAL ANALYSIS

### A. Fraud Upon the Court

Standard: A court may impose sanctions for fraud upon the court when a party "knowingly" presents "material" false statements with the intent to deceive the judicial process. The Supreme Court recognized this inherent power in ***Chambers v. NASCO, Inc.,*** 501 U.S. 32 (1991) (see ***Pyramid Technology Corp. v. Nicoles***, Inc., 9 F. App'x 786 (9th Cir. 2001)

Application: Sherry Xia's declarations were sworn under penalty of perjury and contained false statements about the Trust's inclusion in the bankruptcy and the applicability of the automatic stay—facts that directly determined jurisdiction and the validity of the foreclosure. The later admission by her own firm confirms she **knew** the statements were false. The elements of fraud upon the court are thus satisfied.

**B. Bankruptcy Fraud (18 U.S.C. § 152)**

Standard. To secure a conviction for bankruptcy fraud the government must prove: (1) a bankruptcy proceeding; (2) a false statement made under penalty of perjury; (3) materiality; (4) falsity; and (5) "knowing" and "fraudulent" intent. The Ninth Circuit articulated these elements ***in United States v. David Strauch***, 59 F. 3d 177 (9th Cir. 1995) (citing ***United States v. Lindholm***, 24 F. 3d 1078 (9th Cir. 1994))

Application: The three declarations filed by Ms. Xia were made in federal bankruptcy-related proceedings (the Lehman adversary case and its appeals) and were materially false because the Trust's inclusion in the stay was a matter of public record. The January 12 2026 admission shows the statements were made "knowing" they were false, satisfying the fraudulent intent requirement.

**C. Perjury (18 U.S.C. § 1623)**

Standard. A false material declaration made under oath in a proceeding constitutes perjury when the declarant "knew" the statement was false. ***United States v. David Strauch*** (see above) reiterates this principle.

Application. Each of Ms. Xia's sworn declarations contained false, material assertions (e.g., "the Lehman Bankruptcy is irrelevant"). Because the falsities were known to her, the perjury element is met.

**D. Willful Violation of the Automatic Stay (11 U.S.C. § 362)**

Standard. A "willful" violation requires proof that the creditor "knew" the stay was in effect and "intentionally" acted in breach of it. The Second Circuit held that knowledge of the stay plus deliberate continuation of collection activities satisfies the willfulness requirement (***Ford Motor Credit Co. v. Florio***, 229 B.R. 606 (S.D.N.Y. 1999)), ***Will v. Ford Motor Credit Co. (In re Will***) similarly emphasizes the creditor's affirmative duty to obtain relief once aware of the stay.

Application U.S. Bank pursued a Connecticut foreclosure after the 15 Sept 2008 stay became effective, despite having been the trustee of a trust explicitly listed in the Lehman RMBS Settlement. The defendant's knowledge of the stay (as shown by the January 12 2026 admission) and its deliberate continuation of foreclosure actions constitute a "willful" breach of § 362.

**E. Connecticut Unfair Trade Practices Act (CUTPA)**

Standard. The Connecticut Supreme Court in ***Soto v. Bushmaster Firearms International, LLC,*** 202 A.3d 262 (Conn. Sup. Ct. 2019) held that CUTPA bars deceptive conduct "in the conduct of trade or commerce" and authorizes treble damages, costs, and attorneys' fees when the plaintiff suffers an ascertainable loss.

Application. Defendant's false statements concealed the automatic stay and induced Plaintiff to pay $137,000 under false pretenses, causing an ascertainable monetary loss. The conduct therefore falls squarely within CUTPA's definition of an unfair and deceptive practice, making Plaintiff eligible for statutory, treble, and punitive damages.

**F. Sanctions Under 28 U.S.C. § 1927 and Fed. R. Civ. P. 11**

Standard. Courts have inherent authority to sanction attorneys who act in "bad faith, vexatiously, or oppressively" .***Chambers v. NASCO*** recognizes this power, and the Ninth Circuit affirmed that attorneys who file frivolous or knowingly false pleadings may be sanctioned under § 1927 and Rule 11 (b) (***New v. JPMorgan Chase Bank, NA***, 202 Ind. Ct. Dec. 2024) .

Application. Ms. Xia repeatedly filed false declarations despite knowledge of the Trust's bankruptcy status. The declarations were "not well-grounded in fact or law", satisfying the bad-faith standard for Rule 11 sanctions and § 1927 liability. Plaintiff is therefore entitled to an award of the excess costs, expenses, and reasonable attorneys' fees that

resulted from Ms. Xia's conduct. The Courts relied on the false sworn declarations under penalty of perjury of Ms. Xia, as well as other false statements of Ms. Xia. The plaintiff suffered by having his motions denied and his removal case remanded. The Plaintiff was substantially injured by the false sworn statements of Ms. Xia.

## IV. CONCLUSION

The undisputed record demonstrates that Defendant U.S. Bank, through counsel Sherry Xia, engaged in a systematic scheme of false sworn statements that:

1. Defrauded the court;
2. Violated the Bankruptcy Code and 18 U.S.C. § 152;
3 Constituted perjury;
4. Willfully denied and continued to breached the automatic stay;
5. Violated Connecticut's CUTPA;
6. Filed litigation and pleadings knowing that as a result of the void Assignment of Mortgage transferred on */10/2011, in violation of the Lehman Bankruptcy stay, her client had no legal claim to the mortgage and no standing to file any litigation in this matter.

Accordingly, Plaintiff's complaint is well-founded, and the United States Attorney's Office should pursue enforcement and, where appropriate, criminal referral. Sherry Xia's false sworn under perjury Declarations are crimes which need to be prosecuted for the sake of justice and to protect the US Federal Court system from rampant corruption.

Edward O'Hara
1414 King Street, Greenwich, CT 06831
T: 203.550.1701
Eo.greenwichaltcapital@gmail.com

January 29, 2026

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT ON January 29, 2026, I filed the foregoing with the Clerk of Court and that a true and correct copy has been served via US Mail to :

Luke Rappaport, Hinshaw and Culbertson, LLP. 800 Third Ave. 37th flr. New York NY

Edward O'Hara 1414 King St., Greenwich CT 06831. 203.550.1701,

eo.greenwichaltcapital@gmail.com